JAMES DOUGLASS, Administrator d. b. n. of Ann Vaughan,
v. TRUSTIN LAWS POLK, Executor of William Polk,
Executor of Edward Vaughan.

Court of Common Pleas.   Sussex.   April, 1798.

*Wilson's Red Book, 201.**

* This case is also reported in *Rodney's Notes*, April, 1798.

PER CURIAM. BASSETT, C. J. We are of opinion that this case does not come within the letter or spirit of the Article in the Constitution, which has only in contemplation the executor or administrator of the parties in immediate representation. In consequence of the death of defendant, no person could be made a party but the administrator of Edward Vaughan; the administrators of Trustin L. Polk do not come within the spirit or intent of the Article. We must take notice of the case in Kent County. There is this difference: here the question arises under the clause in the Constitution; there an action had been brought against the administrators of a person who had settled and passed an account and struck a balance. The accounts were liquidated; it is not so here. This case is or is not under the Article in the Constitution. It is unnecessary to say whether a suit would or would not lie against an administrator of an executor of an executor; we have already determined that it will not reach the case of an administrator of an executor.

*Scire facias* quashed.

(NOTE.) JOHNS, J., in the course of the argument expressed himself of opinion that a count against an executor in his own right could not be joined with others against him as executor. This was the question agitated and not the one decided by the court, for plaintiff's counsel contended that Trustin's being named executor in the last count was surplusage, and the judgment upon his express promise must be *de bonis propriis.*

188

If the Court were of JOHNS' opinion, perhaps the *scire facias* was properly quashed.[2]

---

[2] This sentence is illegible in the manuscript.   It is taken from Wells' copy of *Wilson's Red Book* where it is found at *204.*